Signed and Filed: March 12, 2010

_____
THOMAS E. CARLSON
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 94-31563 TEC |
| OTTORINO PASIAN and | ) Chapter 7 |
| DANILA PASIAN, | ) |
| Debtors. | ) |
| OTTORINO PASIAN, | ) Adv. Proc. No. 09-3182 TC |
| Plaintiff, | ) |
| vs. | ) |
| SAM LEONETTI, | ) |
| Defendant. | ) |

**MEMORANDUM RE PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF**

On January 15, 2010, the court held a continued hearing on Plaintiff's application for temporary restraining order. Dennis D. Davis and Joseph M. Patane appeared for Ottorino Pasian (Debtor). Iain A. Macdonald and Michele L. McGill appeared for Sam Leonetti (Leonetti). Upon due consideration, and for the reasons stated below, the court denies Debtor's request for declaratory and injunctive relief re Leonetti's second amended state-court complaint, except that Leonetti may not prosecute any prepetition

MEMORANDUM -1-

fraudulent transfer claim against Defendant. Nor may Leonetti collect on the Judgment (as defined below) or take action to collect on the Judgment, unless this court enters a new judgment providing that the Judgment is excepted from discharge under 11 U.S.C. § 523(a). This memorandum constitutes the court's findings of fact and conclusions of law.

**FACTS**

On February 8, 1999, Leonetti obtained a judgment (the Judgment) against Debtor in San Francisco Superior Court Case no. 990679 for prepetition debts arising from promissory notes dated in 1989. The Judgment awarded Leonetti $125,000 for unpaid principal, $122,224 for unpaid interest, and $500,000 in punitive damages.

On April 15, 1994, Debtor filed a chapter 11 bankruptcy petition. On September 12, 1994, Debtor's case was converted to chapter 7. On February 27, 1995, the chapter 7 trustee filed a no-asset report. No claims bar date was ever set. Debtor received his discharge by order entered on May 12, 1995. Debtor did not list Leonetti as a creditor in his bankruptcy schedules. It is alleged that Debtor did not disclose in his bankruptcy case the existence of any prepetition fraudulent transfers. Trustee did not file a fraudulent action against any creditor. On January 17, 1996, Debtor's bankruptcy case was closed.

In November 2007, Leonetti filed a new action, which is currently pending in San Francisco County Superior Court, Case No. CGC-07-469421 (the Second State Court Action). In the Second State Court Action, Leonetti alleges that Debtor and others conspired to acquire Leonetti's real property, and that Debtor made misrepresentations regarding payment of the discharged Judgment.

MEMORANDUM -2-

On October 26, 2009, Debtor filed the above-captioned adversary proceeding. The complaint alleges three claims for relief. The first claim seeks to permanently enjoin Leonetti from: (1) collecting or taking any action to collect the Judgment; and (2) from pursuing the Second State Court Action. The second claim seeks a declaration that Leonetti's claims in the Second State Court Action arise from prepetition activities, and that any debts owed by Leonetti to Debtor have been discharged. The third claim seeks a preliminary and permanent injunction to enjoin Leonetti from taking any against Debtor or his property in any legal or administrative proceedings based in any way on the Judgment, the claims upon which the Judgment was based, and the claims alleged in the Second State Court Action.

At the request of this court, on December 23, 2009, Leonetti lodged a copy of a proposed second amended complaint (the SAC) to be filed in the Second State Court Action. The proposed SAC alleges eight claims for relief. Seven of the claims are based on events that occurred on or after 2001. The eighth claim for relief is a claim for fraudulent transfer against Debtor and non-debtor Tarcisio Pasian. The SAC alleges that Debtor, on an unspecified date or dates, transferred substantial assets to Ida and Tarcisio Pasian and/or to the Ida & Tarcisio Pasian Trust, without consideration, and to hinder, delay, or defraud his creditors. (SAC, ¶ 91). The assets allegedly transferred are real property located in Daly City, including 2665 Geneva Avenue, six lots on Calgary Street, and two lots on Rio Verde Street, collectively referred to as the "El Rancho Property." The SAC alleges that Debtor has "at all pertinent times" funneled and continues to funnel his assets and income through the El Rancho Property, and

1 that Debtor has exercised complete and exclusive control over the
2 trust assets.  (SAC, ¶¶ 92, 94).  The SAC further alleges that
3 since the initial transfers (which occurred at an unspecified
4 time), Debtor has continued to hide his income and assets by using
5 the trust, and has moved assets into and out of the trust through
6 fraud and forgery, including income and assets associated with the
7 El Rancho Property, with the knowledge and consent of Tarcisio
8 Pasian.  (SAC, ¶ 95).

**LAW**

The bankruptcy discharge bars Leonetti from suing Debtor for monetary relief for acts engaged in by Debtor prepetition, including any prepetition fraudulent transfer, and for debts incurred by Debtor prepetition, such as the Judgment.  11 U.S.C. § 524(a).  The bankruptcy discharge does not, however, enjoin Leonetti from suing Debtor for claims arising out of postpetition conduct.  Id.  Nor does the bankruptcy discharge enjoin Leonetti from suing the transferee of a prepetition fraudulent transfer made by Debtor, even if Debtor's pre-transfer liability to Leonetti was discharged.  Sanwa Bank Cal. v. Chang, 87 Cal. App. 4th 1314, 1319 (2001); Cal. Civ. Code §§ 3439.04, 3439.07; see 11 U.S.C. § 524(e) (discharge injunction does not extend to non-debtors).

**\*\*END OF MEMORANDUM\*\***