**Entered on Docket
June 03, 2010**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: June 02, 2010**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 94-31563 TEC |
| OTTORINO PASIAN and DANILA PASIAN, | Chapter 7 |
| Debtors. | |
| OTTORINO PASIAN, | Adv. Proc. No. 09-3182 TC |
| Plaintiff, | |
| vs. | |
| SAM LEONETTI, | |
| Defendant. | |

**MEMORANDUM RE COUNTER MOTIONS FOR SUMMARY JUDGMENT**

On May 28, 2010, the court held a hearing on Defendant's Motion for Summary Judgment and Plaintiff's Counter Motion for Summary Judgment. Dennis D. Davis appeared for Plaintiff Ottorino Pasian (hereinafter Debtor). Iain A. Macdonald and Michele L. McGill appeared for Defendant Sam Leonetti (hereinafter Leonetti).

The motions concern the preclusive effect of the judgment (Judgment) filed on March 4, 1999 in the action styled as *Leonetti*

MEMORANDUM RE SUMM. JUDG. MOTIONS    -1-

*v. Pasian et al.*, San Francisco County Superior Court Case No. 990679 (the State-Court Action).

Debtor first contends that the Judgment should not be given preclusive effect, because it involved an action to enforce a prepetition claim after Debtor's discharge was entered. This argument is unpersuasive. There is an implied exception to the discharge injunction for actions to determine whether a particular debt should be excepted from discharge under section 523(a). The complaint filed in the State-Court Action "incidentally pleaded"[1] all of the elements of an exception-from-discharge claim under section 523(a)(6). Because Leonetti neither received notice of Debtor's bankruptcy case nor had actual knowledge of the case,[2] the state court had jurisdiction to enter a judgment that included findings sufficient to establish the non-dischargeability of the debt in question. Fidelity Ntl. Title Ins. Co. v. Franklin (In re Franklin), 179 B.R. 913 (Bankr. E.D. Cal. 1995).

Debtor next argues that the Judgment was obtained through extrinsic fraud. Even if this court cannot set aside the Judgment on such grounds, it is well recognized that a federal court should decline to give issue-preclusion effect to the judgment of a California state court if that judgment was obtained by extrinsic fraud. See, e.g., Younie v. Gonya (In re Gonya), 211 B.R. 367 (9th Cir. BAP 1997).

---

[1] *I.e.*, the complaint functionally alleges the elements of a claim under section 523(a)(6) without expressly seeking relief under section 523(a)(6).

[2] In opposition to Debtor's motion to reopen the bankruptcy case, Leonetti filed a sworn declaration stating that he did not receive notice of the bankruptcy case. Debtor neither introduced evidence to contradict Leonetti's declaration, nor moved under Rule 56(f) for additional time to file or obtain such evidence.

**MEMORANDUM RE SUMM. JUDG. MOTIONS** -2-

Debtor has introduced evidence sufficient to create a triable issue of fact regarding whether the Judgment was obtained by extrinsic fraud. The court determines that it is appropriate to stay the present action to allow the California state court, rather than this court, to determine whether the Judgment was obtained by extrinsic fraud. Such a course of action would intrude less upon the state courts and would therefor be in keeping with principles of federalism. The parties agree that it is preferable for the state court to determine the issue.

**\*\*END OF MEMORANDUM\*\***